[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, David Cormier, pleaded guilty to possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11. Cormier received a sentence of eleven months' confinement. Cormier appeals to this court, assigning as error the trial court's failure to consider as a sentence a community-control sanction without a period of confinement.
Prior to imposing a period of confinement for a felony of the fifth degree, the trial court must consider the factors in R.C.2929.13(B)(1). If the court finds that one or more of the factors in R.C. 2929.13(B)(1) exists, then the court, prior to imposing sentence, must, after considering the factors in R.C. 2929.12, find that the defendant will not be amenable to a community-control sanction and that a period of confinement will satisfy the purposes of R.C. 2929.11. See R.C. 2929.13(B)(2);State v. Taylor (Dec. 26, 1997), Hamilton App. No. C-961141, unreported.
The trial court in this case made express findings, which are reflected in the transcript of record, to support its determination that Cormier would not have been amenable to a community-control sanction. The court then determined, based upon the sentencing guidelines, that the imposition of a period of confinement was the only choice it could make in this case. We hold that the trial court's findings were supported by clear and convincing evidence and overrule the assignment of error.
Therefore, the judgment of the trial court is affirmed.
Hildebrandt, P.J., Doan and Winkler, JJ.